IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2018 JUL 13  P 5: 48

KATHY HADDIX                        :

      Plaintiff,                  :

                         DEBRA P. HACKETT CLK
                        U.S. DISTRICT COURT
                      MIDDLE DISTRICT ALA

v.                                  :   CASE NO.: 2: 18-CV-662-SRW

                                 :

TEACHERS INSURANCE COMPANY, :
et al,                              :

                                 :

      Defendants.                 :

## NOTICE OF REMOVAL

      COMES NOW Defendant New England Fire Cause & Origin, Inc. d/b/a NEFCO

Fire Investigations (hereinafter "NEFCO"), pursuant to the provisions of 28 U.S.C.

§ 1441(a) and (b) and 28 U.S.C. § 1446, and files this Notice of Removal of this cause

from the Circuit Court of Montgomery County, Alabama to the United States District

Court for the Middle District of Alabama, Northern Division. In support of this Notice of

Removal, NEFCO states as follows:

### Introduction and Background

      1.    On June 15, 2018, Plaintiff Kathy Haddix filed this action against NEFCO,

Teachers Insurance Company, and Mark A. Williams in the Circuit Court of Montgomery

County, Alabama. (Complaint, attached as Ex. 1). In the Complaint, Haddix alleges that

she paid for homeowners insurance with Teachers Insurance Company beginning in

2014. On November 13, 2016, Haddix's home in Odenville, Alabama "caught fire and

sustained fire damage." (Ex. 1, ¶ 9). In December of 2016, Haddix alleges that Teachers

{B2902184}

Insurance Company hired Defendants NEFCO and Williams to inspect Plaintiff's home to determine the cause and origin of the fire. (Ex. 1, ¶ 11). Defendants NEFCO and Williams inspected the premises in December of 2016. (Ex. 1, ¶ 13).

2.     The Complaint includes nine separate counts, including allegations against all Defendants, collectively, for breach of an insurance contract with Plaintiff, negligently and wantonly inspecting Plaintiff's home, fraudulently suppressing information related to the insurance coverage, and breach of an implied covenant of good faith and fair dealing related to the insurance policy. Haddix also makes direct claims against Teachers Insurance Company for bad faith refusal to pay insurance benefits, bad faith failure to investigate, and negligent and/or wanton hiring, supervision, and training of its agents, including Defendants NEFCO and Williams. Finally, Plaintiff made a claim against NEFCO for negligently and/or wantonly hiring, training, and supervising Defendant Williams.

3.     As a result of the alleged conduct, Haddix claims she lost the value of her insurance premium payments, lost interest on those premium payments, does not have a policy of insurance that was promised to her, incurred expenses that should have been covered by the policy, is displaced from her home, lost the use and benefit of her personal contents, suffered mental anguish and emotional distress, and was otherwise injured and damaged. (Ex. 1, ¶ 27). Haddix does not request a sum certain in her Complaint. (See Ex. 1).

{B2902184}

3.      Upon information and belief, Haddix submitted a proof of loss to Teachers Insurance Company in the amount of approximately $245,000.00. (See Proof of Loss filed with Teachers Insurance Company's Consent to Removal).

## Propriety of Removal

5.      The United States District Court for the Middle District of Alabama, Northern Division, encompasses the county in which the state court action is now pending; therefore, this Court is the proper venue for this action pursuant to 28 U.S.C. § 81(b)(1) and 28 U.S.C. § 1441(a).[1]

6.      This action is removable pursuant to 28 U.S.C. § 1441 which states that removal is appropriate in any civil action in which the District Courts of the United States would have had original jurisdiction. 28 U.S.C. § 1441. This action could have been filed in this Court under 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties and the amount in controversy exceeds the jurisdictional minimum, as set out below.

## Removal is Timely

7.      Service was perfected on each defendant on each Defendant on June 15, 2018. (Summons with Returns on Service, attached as Exhibit 2-A through 2-C).

8.      NEFCO files this Notice of Removal within thirty (30) days of service of the Complaint on NEFCO.   (Ex. 2-A).  Accordingly, removal of this action is timely pursuant to 28 U.S.C. § 1446(b).

---

[1] If the case is remanded to state court, NEFCO reserves the right to argue that venue in Montgomery County, Alabama is improper, and the case should be transferred to Elmore County, Alabama (which is also in the Middle District of Alabama, Northern Division).

9.      No previous application for removal has been made, and this Notice of Removal is made within one year of the filing of the lawsuit.   Copies of all process, pleadings, and other papers served on or received by Defendant(s) and the entire Circuit Court file for Montgomery County are attached hereto as Exhibit 3.  The Circuit Clerk of Montgomery County has been notified of this removal. (Notice of Filing, attached as Exhibit 4).

### Diversity of Citizenship exists between the properly joined Defendants

10.     This action is removable pursuant to 28 U.S.C. § 1441.  Removal under § 1441 is appropriate in that there exists complete diversity of citizenship between Plaintiff and the *properly joined* Defendant Teachers Insurance Company in the underlying cause. 28 U.S.C. § 1441.

11.     Upon information and belief, Plaintiff is a citizen of the state of Alabama. Plaintiff claims to be a resident of St. Clair County, Alabama (Ex. 1, ¶ 1) and this Court has acknowledged a presumption that "the state in which a person resides at any given time is also that person's domicile." *Audi Performance & Racing, LLC v. Kasberger*, 273 F. Supp. 2d 1220, 1226 (M.D. Ala. 2003). A person's domicile is determinative of their citizenship for purposes of diversity jurisdiction. *Id.*

12.     Teachers Insurance Company was formed under the laws of Illinois and has its principal place of business in Springfield, Illinois. (Ala. Secretary of State Report, attached as Ex. 5). As such, Teachers Insurance is a citizen of Illinois for purposes of diversity jurisdiction.

13.     NEFCO is a corporation organized under the laws of New Hampshire with its principal place of business in Rochester, New Hampshire. (New Hampshire Secretary of State Report, attached as Exhibit 6).   Therefore, NEFCO is a citizen of New Hampshire for purposes of diversity jurisdiction.[2]

13.     Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332.   Thus, there is complete diversity among these parties.[3]

### Defendant Mark Williams is Fraudulently Joined

14.     Defendant Mark Williams is a citizen of Alabama.   The lack of complete diversity on the face of the Complaint is, however, irrelevant for removal purposes. *See Legg v. Wyeth*, 428 F.3d 1317, 1321 (11th Cir. 2005).   28 U.S.C. § 1441(b) states that suits that do not arise under federal law are removable "if none of the parties in interest *properly* joined and served as Defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441 (emphasis added). Defendant Mark Williams has been fraudulently joined and his inclusion in this action is for the sole purpose of preventing Defendant NEFCO from exercising its right to remove this case to federal court.

---

[2] While there is no possibility that Plaintiff can recover against NEFCO, as set out in its contemporaneously filed Motion to Dismiss, its citizenship is diverse from all other parties and, as a result, does not affect this Court's analysis of subject matter jurisdiction.

[3] Although Plaintiff's Complaint identifies numerous fictitious defendants, 28 U.S.C. § 1441 instructs that the citizenship of fictitious defendants is to be disregarded for purposes of removal.  See 28 U.S.C. § 1441 ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.")

15.   Removal of this suit pursuant to complete diversity of citizenship should not be thwarted by Plaintiff's attempt to fraudulently join Defendant Mark Williams in order to destroy diversity. As the Supreme Court has stated, "the Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right, and should be equally vigilant to protect the right to proceed in the Federal court . . ." *Gordon v. Pfizer, Inc.*, 2006 WL 2337002, *2 (N. D. Ala. 2006). "The removal process was created by Congress to protect defendants. Congress did not extend such protection with one hand, and with the other give plaintiffs a bag of tricks to overcome it." *Legg*, 428 F.3d at 1325. Under Eleventh Circuit law, fraudulent joinder can be established in one of three ways:

> (1) when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant, or (2) when there is outright fraud in the plaintiff's pleading of jurisdictional facts, or (3) where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant.

*Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

16.   Here, "there is no possibility" that Haddix can prove any of her claims against Defendant Mark Williams. Haddix, in order to meet her burden, must provide a possibility of liability that is "reasonable, not merely theoretical, and, in considering *possible* state law claims, possible must mean more than such a possibility that a designated residence can be hit by a meteor tonight." *Bloodsworth*, 2005 WL 3470337, at *4 (M. D. Ala. 2005) (quoting *Legg*, 428 F.3d at 1325 n.5) (emphasis added; internal quotation marks omitted). Plaintiff cannot meet this burden.

{B2902184}

17.     Other than her claim against Walker for breach of an insurance contract, which is a non-starter on its face, Haddix must prove that Walker owed her a duty to prove the causes of action against him. Alabama law, however, does not recognize a duty to competently investigate an insurance claim. The Alabama Supreme Court "has consistently refused to recognize a cause of action for the negligent handling of insurance claims, and will not recognize a cause of action for alleged wanton handling of insurance claims." *Kervin v. S. Guar. Ins. Co.*, 667 So. 2d 704, 706 (Ala. 1995); *see also, Hillery v. Allstate Indem. Co.*, 705 F. Supp. 2d 1343, 1367 (S.D. Ala. 2010) (observing Alabama courts' steadfast refusal to recognize such causes of action and that such a position "is conclusively supported by Alabama case law."). This "refusal to recognize causes of action for negligent and wanton handling/adjusting of insurance claims has evolved principally because of the recognition that the insured is not left without a remedy inasmuch as the insurer can still be sued for breach of contract and, as well, for the tort of bad faith." *St. John's Deliverance Temple v. Frontier Adjusters,* No. CA 11-0624-KD-C, 2012 WL 629056, at * 10 (S.D. Ala. Feb. 27, 2012); *see also, Alverson v. Auto Owners Ins. Co.,* No. 06-0866, 2007 WL 437601, at *2 (S.D. Ala. Feb. 6, 2007) (observing Alabama courts' limitation of insurer and related parties' exposure to claims for breach of contract and/or bad faith) (citing *Kervin,* 667 So. 2d at 704).

17.     In *Alexander v. Allstate Indem. Co.*, the Northern District of Alabama specifically found that an adjuster could not be liable for negligent fire inspection:

> The courts have reasoned that *an insurance investigator's duty to conduct a competent insurance investigation runs to the insurer who hired or retained the investigator, not the*

{B2902184}

> *insured,* whose relationship is with the insurance company, not the investigator. If the investigator conducts an incompetent or negligent investigation, the insured's remedy lies against the insurer who retained the investigator, not the investigator herself.

No. 7:12-CV-3688-TMP, 2013 WL 458600, at *3 (N.D. Ala. Jan. 2, 2013), *report and recommendation adopted sub nom. Alexander v. Allstate Indem.. Co.,* No. 7:12-CV-3688-TMP, 2013 WL 451827 (N.D. Ala. Feb. 1, 2013) (emphasis added). The courts have extended the same rationale to independent adjusters, rather than employees, who were hired by the insurance company to investigate a claim. *Akpan v. Farmers Ins. Exch., Inc.,* 961 So. 2d 865, 874 (Ala. Civ. App. 2007) (refusing to find that "an independent adjustor or investigator that was hired by an insurance company to investigate or adjust the claim of one of its insureds owes a duty to the insured").

The instant matter is no different. Defendant Walker's duty ran only to the insurance company that retained him, Teachers Insurance Company. (See Ex. 1, ¶ 11). Walker and NEFCO were essentially an appendage, or extension, of the insurance adjuster that hired them. Any effect they had on the coverage determination was at the discretion of that adjuster, who—as the caselaw explains—does not have any duty to the insurer, only to the insurance company that hired the adjuster. Further, Haddix can gain a complete remedy in its case of breach of contract against Teachers Insurance Company. In fact, each count against Williams adopts the same damages as those pleaded in the Breach of Insurance Contract claim (Count One). (Ex. 1, ¶¶ 27, 46, 51, 56). Consequently, Plaintiff has failed to state a valid claim against Walker and there is no possibility that she could recover from Walker under Alabama law.

## The amount of controversy exceeds Seventy-Five Thousand and No/100 ($75,000) Dollars.

20.     Plaintiff seeks compensatory and punitive damages, plus interest, attorney's

fees, and costs. (Exhibit 1, p. 11).  This Notice of Removal is filed under § 1446(b)(3) as

it is not "facially apparent" that the amount in controversy is satisfied from the face of the

Complaint, which seeks only an unspecified amount of compensatory and punitive

damages. 28 U.S.C. § 1446(b)(3). Where the amount in controversy is not apparent from

the face of the complaint, "the court should look to the notice of removal and may require

evidence relevant to the amount in controversy at the time the case was removed."

*Fitzgerald v. Besam Automated Entrance Systems,* 282 F.Supp.2d 1309 (S.D. Ala. 2003).

21.     Section 1446 requires that the removing party establish that the amount in

controversy exceeds $75,000.00 by a preponderance of the evidence. 28 U.S.C. §

1446(c)(2)(B). However, the U.S. Supreme Court has held:

> In sum, as specified in § 1446(a), a defendant's notice of
> removal need only include a plausible allegation that the
> amount in controversy exceeds the jurisdictional threshold.
> Evidence establishing the amount is required by §
> 1446(c)(2)(B) only when the plaintiff contests, or the court
> questions, the defendant's allegations.

*Dart Cherokee Basin Operating Co. v. Owens,* __ U.S. __, 135 S. Ct. 547, 554 (2014).

22.     Although Plaintiff made no specified demand in the Complaint, Plaintiff's

proof of loss shows that the claimed fire damage to her home—for which she is now

seeking insurance benefits—totaled approximately $245,000. (See Proof of Loss filed

with Teachers Insurance Company's Consent to Removal). Plaintiff also seeks punitive

damages, which further increase the amount in controversy. *See Holley Equip. Co. v.*

*Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) ("[w]hen determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered unless it is apparent to a legal certainty that such cannot be recovered."). As such, the amount in controversy exceeds the jurisdictional minimum.

## All Prerequisites for Removal Have Been Satisfied

23. As set forth above, this Notice of Removal has been filed within thirty (30) days of service on NEFCO, the amount in controversy exceeds Seventy-Five Thousand and No/100 ($75,000) Dollars, exclusive of interest and costs, and complete diversity exists as to the *properly* joined parties.

24. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

25. Teachers Insurance Company consents to this Removal.[4]

26. A copy of this Notice of Removal is being served on Plaintiff and filed with the Circuit Court of Montgomery County, Alabama. (Ex. 4).

27. If any question arises as to the propriety of the removal of this action, Defendant NEFCO requests the opportunity to present a brief and/or oral argument in support of its position that this case is removable.

WHEREFORE, Defendant NEFCO, desiring to remove this case to the United States District Court for the Middle District of Alabama, Northern Division, being the district and division of said Court for the county in which said action is pending, prays

---

[4] It is not necessary for Defendant Williams to consent to removal as he has been fraudulently joined a Defendant that has been fraudulently joined or one that has not been served need not join in or consent to removal. *See GMFS, L.L.C. v. Bounds,* 275 F.Supp. 2d 1350, 1352-1354 (S.D. Ala. 2003). To the extent it is necessary, however, Defendant Williams, by and through the undersigned counsel, consents to this removal. In addition, fictitious defendants are not considered for removal purposes. *Id., referencing* 28 U.S.C. § 1441(a).

that the filing of this Notice of Removal with the Clerk of the Circuit Court of Montgomery County, Alabama, shall affect a removal of said suit to this Court.

Respectfully submitted on this 13th day of July, 2018.

Respectfully submitted,

SCOTT D. STEVENS (ASB-0320-S71S)
WEATHERS BOLT (ASB-9445-T95A)
CHRISTOPHER VINSON(ASB-8404-K45K)
Attorneys for NEFCO
STARNES DAVIS FLORIE LLP
RSA-Battle House Tower, Suite 20290
11 North Water Street
Mobile, AL   36602
251-433-6049
sstevens@starneslaw.com
wbolt@starneslaw.com
cvinson@starneslaw.com

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing on the following parties or attorneys of record via CM/ECF, e-mail or U. S. MAIL, postage prepaid, on this the 13th day of July, 2018.

Jere L. Beasley, Esquire
W. Daniel Miles, III, Esquire
Larry A. Golston, Jr., Esquire
Leon Hampton, Jr., Esquire
PO Box 4160
Montgomery, AL  36103
Jere.beasley@beasleyallen.com
Dee.miles@beasleyallen.com
Larry.golston@beasleyallen.com
Leon.hampton@beasleyallen.com

Christopher Vinson

{B2902184}