## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **KATHY HADDIX,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:18-cv-662-ECM-DAB** |
| | ) | |
| **TEACHERS INSURANCE CO.,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

### REPORT AND RECOMMENDATION

Plaintiff, Kathy Haddix ("Haddix"), sues Defendants, Teachers Insurance Co. ("Teachers Insurance"), Mark A. Williams ("Williams"), New England Fire Cause & Origin, Inc. d/b/a NEFCO Fire Investigations ("NEFCO"), and numerous fictitious persons or entities in a nine-count complaint alleging state law claims of breach of contract, bad faith, fraud, negligence, wantonness, and breach of the implied covenant of good faith and fair dealing. (Doc. 1-1).  Haddix filed her suit in the Circuit Court of Montgomery County, Alabama, and NEFCO removed the case to federal court with the consent of the other named Defendants.  (Doc. 1). Before the court are NEFCO's Motion to Dismiss (Doc. 2), Williams' Motion to Dismiss (Doc. 3), and Plaintiff's Motion to Remand (Doc. 15).[1]

The parties have fully briefed the issues, and the court heard argument on August 8, 2018. For the reasons that follow, the undersigned Magistrate Judge recommends NEFCO's Motion to Dismiss (Doc. 2) be **granted**, Williams' Motion to Dismiss (Doc. 3) be **granted**, and Plaintiff's Motion to Remand (Doc. 15) be **denied**.

---

[1] Also pending is Plaintiff's Motion to Stay (Doc. 16), which will be addressed by separate order.

## I.      JURISDICTION

Defendant NEFCO removed this case from the Circuit Court for Montgomery County pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Doc. 1).  Haddix's Complaint alleges state law claims of breach of contract, bad faith, fraud, negligence, wantonness, and breach of the implied covenant of good faith and fair dealing. (Doc. 1-1).  NEFCO contends diversity of citizenship exists—and thus jurisdiction is proper in this court—because the properly joined Defendant, Teachers Insurance, is a citizen of Illinois and Haddix is an Alabama citizen.  NEFCO states it is a New Hampshire citizen for diversity purposes. Haddix contests this court's diversity jurisdiction, arguing diversity does not exist among the parties because Defendant Williams is an Alabama citizen.  NEFCO claims Williams was fraudulently joined, and thus his citizenship should be ignored.[2]

On August 13, 2018, the above-styled matter was referred to the undersigned for recommendation on all pretrial matters by United States District Judge Emily C. Marks. (Doc. 35);[3] *see also* 28 U.S.C. § 636(b); Rule 72, Fed. R. Civ. P.; *United States v. Raddatz,* 447 U.S. 667 (1980); *Jeffrey S. v. State Bd. of Educ. of State of Ga.,* 896 F.2d 507 (11th Cir. 1990).

## II.     FACTUAL BACKGROUND[4]

---

[2] Plaintiff's Complaint also lists several fictitious parties as Defendants, the identity of which are unknown to Plaintiff at this time. For purposes of removal, the court does not consider the citizenship of fictitious defendants in assessing complete diversity. *See* 28 U.S.C. § 1441(a); *Bullock v. United Benefit Ins. Co*., 165 F. Supp. 2d 1255 n. 1 (M.D. Ala. 2001).

[3] The case was initially referred on July 23, 2018.  (Doc. 13). The order of referral was vacated on August 10, 2018 (Doc. 33), but reassigned again on August 13, 2018. (Doc. 35).

[4] The background facts are taken from the allegations in Haddix's complaint.  (Doc. 1-1).  "To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff….  The federal court makes these determinations based on the plaintiff's pleadings at the time of removal[.]" *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997).

On June 15, 2018, this action was commenced by Plaintiff, Kathy Haddix, against the Defendants, Teachers Insurance Company, Mark A. Williams, New England Fire Cause & Origin, Inc. d/b/a NEFCO Fire Investigations, and various fictitious persons and entities, in the Circuit Court of Montgomery County, Alabama. (Doc. 1-1). In her complaint, Haddix alleges the following facts and circumstance.

Haddix is an Alabama resident and retired school teacher who purchased home insurance through Teachers Insurance on May 8, 2014. *Id.* ¶¶ 1, 6. The policy provided coverage for residence dwelling damage, related private structures, personal property (contents) damage, and additional living expenses and loss of rent in the event of a fire loss. *Id.* ¶ 7. Plaintiff performed under the policy in that she made timely premium payments. *Id.* ¶ 25. On November 13, 2016, Haddix's home caught on fire and sustained fire damage. *Id.* ¶ 9. Haddix contacted Teachers Insurance to make a claim for the damage resulting from the fire. *Id.* According to the Fire Marshall's report, the cause or origin of the fire was unable to be determined. *Id.* ¶ 10.

In December 2016, Teachers Insurance hired NEFCO and Williams to inspect Haddix's home with respect to determining the cause and origin of the fire. *Id.* ¶ 11. Haddix alleges the inspection by NEFCO and Williams was done negligently or wantonly. *Id.* ¶ 13. Teachers Insurance instructed Haddix to submit a proof of loss itemizing everything lost in the fire, which she did. *Id.* ¶ 14.

Thereafter, in a letter dated May 17, 2017, Defendants told Haddix that Williams and NEFCO's investigation concluded the fire to her home was intentionally set by Haddix or her husband, and that such acts constituted arson. *Id.* ¶ 15. Teachers Insurance refused and failed to pay to repair the fire damage to Haddix's home. *Id.* ¶ 17. As a result of the fire, Haddix suffered damage to her home and contents and she has been displaced. *Id.* ¶ 27.

3

In her complaint, Haddix sues all of the Defendants in each of the nine counts: breach of contract (Count 1), bad faith refusal to pay benefits (Count 2), bad faith failure to investigate (Count 3), negligent and/or wanton hiring, supervision, and training of NEFCO and Williams by Teachers Insurance (Count 4), negligent and/or wanton hiring, supervision, and training of Williams by NEFCO (Count 5), negligent inspection (Count 6), wanton inspection (Count 7), fraudulent suppression (Count 8), and breach of the implied covenant of good faith and fair dealing (Count 9). (Doc. 1-1).  NEFCO moves to dismiss all claims against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 2).  Williams similarly moves to dismiss all claims against him. (Doc. 3).  In her responses to the motions, she argues that she has adequately pled tort claims against Williams and NEFCO for fraudulent suppression, negligence, and wantonness. (Docs. 24, 25).

## III.    STANDARDS OF REVIEW

### A.    *Motion to Dismiss*

Federal Rule of Civil Procedure 8 provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The pleader must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[D]etailed factual allegations" are not required, but mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are not enough.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).  In considering a motion to dismiss, the court is ordinarily limited to evaluation of matters alleged in the operative complaint. In appropriate cases, the court may also take into

4

account additional matters presented in support of the motion when those matters are intrinsic to the claims and not reasonably in dispute. In this case, the agreement between the parties was included with the Motion to Dismiss and its terms and status as the basis for the parties' contract is not disputed. It will therefore be considered herein.

B.      *Removal*

Congress grants defendants the right to remove an action from state to federal court so long as the district court would have had original subject-matter jurisdiction if the action had been initially filed in federal court. 28 U.S.C. § 1441(a).  Removal based on diversity jurisdiction is possible "if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). While defendants have a right to remove, the Eleventh Circuit recognizes plaintiffs are the "'master of the complaint' and are 'free to avoid federal jurisdiction' by structuring their case to fall short of a requirement of federal jurisdiction." *Scimone v. Carnival Corp*., 720 F.3d 876, 882 (11th Cir. 2013) (internal citation omitted).

C.      *Fraudulent Joinder*

Section 1332(a) requires that the plaintiff and defendant be "citizens of different States[.]" 28 U.S.C. §1332(a); *see also Legg v. Wyeth*, 428 F.3d 1317, 1320 n.2 (11th Cir. 2005) ("Federal diversity jurisdiction under 28 U.S.C. § 1332(a) requires 'complete diversity'–the citizenship of every plaintiff must be diverse from the citizenship of every defendant.").  Additionally, a civil action otherwise removable solely on the basis of the jurisdiction under § 1332(a) may not be removed if any of the parties in interest is a citizen of the State in which such action is brought. 28 U.S.C. § 1441(b)(2).  However, even if "on the face of the pleadings, there is a lack of complete diversity …, an action may nevertheless be removable if the joinder of the non-diverse party …

[was] fraudulent." *Triggs v. John Crump Toyota, Inc*., 154 F.3d 1284, 1287 (11th Cir. 1998) (citing *Tapscott v. MS Dealer Serv. Corp*., 77 F.3d 1353, 1359 (11th Cir. 1996)).  "The citizenship of a resident defendant fraudulently joined should not be considered by a court for the purpose of determining diversity jurisdiction." *Sellers v. Foremost Ins. Co*., 924 F. Supp. 1116, 1117 (M.D. Ala. 1996).  The removing defendant bears the burden of establishing that joinder of the resident defendant was fraudulent.  *Id.* at 1117–18.

"Fraudulent joiner is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs*, 154 F.3d at 1287.  Federal courts have recognized three situations in which joinder may be deemed fraudulent: (1) when there is no reasonable possibility that the plaintiff can prove a cause of action against the non-diverse defendant; (2) when there is outright fraud in the plaintiff's pleading of jurisdictional facts; and (3) when there is no real connection to the claim and the non-diverse defendant.  *Id.*  Here, there is no suggestion of outright fraud in the plaintiff's pleading of jurisdiction, but rather, NEFCO contends that the first scenario applies to defeat remand.

## IV.   ANALYSIS

NEFCO argues this case has been properly removed because the court has subject matter jurisdiction based on diversity.  Haddix responds that the court must remand because Williams is an Alabama resident who destroys diversity.  NEFCO contends, however, that the court must disregard the citizenship of Williams because Plaintiff cannot state a claim against him and his joinder as a party defendant is fraudulent.  Additionally, NEFCO argues Haddix is unable to state a claim against it and therefore its motion to dismiss is due to be granted.

Although Haddix sues Williams and NEFCO in all nine counts, she appears to have waived any breach of contract or bad faith claim against these Defendants.[5]  She focuses her responses to the motions to dismiss on her claims against Williams and NEFCO for the alleged negligent inspection, wanton inspection, and fraudulent suppression and for NEFCO's negligent hiring and training of Williams. (Docs. 24 at 3–17; 25 at 3–18).

A.      *Negligence*

Haddix fails to state a valid claim under Alabama law against Williams or NEFCO for negligence. Negligence requires proof of: (1) a duty to a foreseeable plaintiff; (2) a breach of that duty; (3) proximate causation; and (4) damage or injury. *Martin v. Arnold*, 643 So. 2d 564, 567 (Ala. 1994); *see also, Jones Food Co., Inc. v. Shipman*, 981 So. 2d 355, 361 (Ala. 2006) ("Negligence is a mixed question of law and fact. Whether the defendant in a negligence action owed the claimant a duty is strictly a question of law. If the trial court determines that the defendant owed the plaintiff a duty, then the questions of breach of that duty, proximate causation, and damages are normally resolved by the jury.").

Notably, the Alabama Supreme Court has "consistently refused to recognize a cause of action for the negligent handling of insurance claims, and it will not recognize a cause of action for alleged wanton handling of insurance claims." *Kervin v. S. Guar. Ins. Co*., 667 So. 2d 704, 706 (Ala. 1995) (citations omitted). "The existence of a duty to the plaintiff is fundamental to a negligence claim." *Akpan v. Farmers Ins. Exch., Inc*., 961 So. 2d 865, 873 (Ala. Civ. App. 2007) (quoting *Patrick v. Union State Bank*, 681 So. 2d 1364, 1367 (Ala. 1996)).  And determining whether a duty exists is a matter of law for the court to decide. *See Patrick*, 681 So. 2d at 1368.

---

[5] Even if not waived, Plaintiff's contract-based claims against Williams and NEFCO necessarily fail because neither was a party to the insurance contract.

There is no duty here owed by NEFCO or Williams to Haddix.  Despite Haddix's contentions to the contrary, the *Akpan* case instructs that independent investigators, such as NEFCO and Williams, hired by an insurance company to investigate a claim owe a duty only to the insurance company that hired them, and not to the insured.  *Akpan*, 961 So. 2d at 874 (agreeing with those courts that have refused to find that an independent adjustor or investigator that was hired by an insurance company to investigate or adjust the claim of one of its insureds owes a duty to the insured) (collecting cases); *see also Equip. Rental & Contractors Corp. v. N. River Ins. Co*., 2007 WL 2081477 (S.D. Ala. 2007) (finding that a third-party claims adjuster's duties and loyalties lie with the insurer, rather than the insured).

Haddix argues that *Akpan*'s holding only applies to insurance adjusters, which NEFCO and Williams are not, but her reading of *Akpan* and the cases cited by that court is too narrow. The plain and definite principle set forth in *Akpan* is that outside investigators, adjusters and other professionals hired by an insurance company owe their duty to the insurance company and not the insured. Plaintiff presents no basis for distinguishing the roles of various individuals who may be utilized in determining an insurer's position as to the disposition of a claim. Depending on the policy, type of claim, and other circumstances there may be reason to use adjustors, engineers, or other professionals and experts. All of the information and opinions put forth by these persons contributes to the insurer's decision making.

Policy holders are, of course, free to disagree with the findings, opinions, and conclusions of these outsiders (and those of the insurer). Such disagreements are the grist for the mill of litigation. As with other litigants, policy holders must develop whatever evidence (employing, as may be appropriate, experts or other witnesses) they choose. The hired agents of the insurer,

however, are not working for the insured and owe the insured no duty of disclosure under Alabama law.[6]

This conclusion that no duty is owed to Plaintiff by NEFCO and Williams also disposes of her claims for negligent hiring, negligent inspection, and wantonness.

B.    *Fraudulent Suppression*

The Alabama Code provides that "[s]uppression of a material fact which the party is under an obligation to communicate constitutes fraud. The obligation to communicate may arise from the confidential relations of the parties or from the particular circumstances of the case." ALA. CODE § 6–5–102 (1975).  Application of the "particular circumstances" test requires a case-by-case consideration of several factors. "A duty to speak depends upon the relation of the parties, the value [materiality] of the particular fact, the relative knowledge of the parties, and other circumstances. Thus, each case must be individually examined to determine whether a duty of disclosure exists; a rigid approach is impossible, and indeed, the words of the statute itself counsel flexibility." *Trio Broadcasters, Inc. v. Ward*, 495 So. 2d 621, 624 (Ala. 1986) (citations omitted).

As with Plaintiff's negligence claims, the absence of any duty to disclose by NEFCO and Williams forecloses the claim of suppression against them.[7] The cases cited by Plaintiff recognizing a potential fraud claim arise in the context of statements made to the insured—not the situation here where NEFCO and Williams' work was provided by them to the insurer only.

**V.    REMAND**

Plaintiff's motion to remand is predicated on the presence of Williams as a diversity-destroying defendant. Because the claims against him do not withstand scrutiny, his joinder is

---

[6] The Court does not address any issue as to what duties the insurer itself may have with respect to disclosure and other aspects of using information and other work of its contractors.

[7] Though the Court need not reach the issue, Plaintiff's allegations of fraud are conclusory and would not suffice if analyzed under the requirements of Rule 9, Fed. R. Civ. P.

deemed fraudulent for purposes of determining jurisdiction and removability. Since he is not properly a party, his citizenship is due to be disregarded. Diversity is present, and remand is not appropriate.

## VI.   RECOMMENDATION

For the reasons as stated, it is the **recommendation** of the Magistrate Judge that NEFCO's Motion to Dismiss (Doc. 2) be **granted**, Williams' Motion to Dismiss (Doc. 3) be **granted**, and Plaintiff's Motion to Remand (Doc. 15) be **denied**.

## VII.   NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Accordingly, it is hereby **ORDERED** that any objections to the Report and Recommendation shall be filed on or before **December 28, 2018**.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1; see also 28 U.S.C. § 636(b)(1).

**Respectfully recommended** this 14th day of December 2018.

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE