IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KATHY HADDIX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2: 18-CV-662-ECM |
| | ) | |
| TEACHERS INSURANCE CO., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the court on a motion for leave to amend answer, filed on June 21, 2019. (Doc. 45). Upon consideration of the briefs and the record as a whole and for reasons to be discussed, the motion is due to be GRANTED.

## I. FACTS AND PROCEDURAL HISTORY

The Plaintiff, Kathy Haddix ("Haddix"), originally filed a complaint in the Circuit Court of Montgomery County, Alabama bringing claims for breach of contract; bad faith refusal to pay; bad faith failure to investigate; negligent and/or wanton hiring, supervision, and training; negligent and/or wanton hiring, supervision, and training; negligent inspection; wanton inspection; fraudulent suppression; and breach of the implied covenant of good faith and fair dealing against three defendants. (Doc. 1). The case was removed to federal court on July 13, 2018. A motion to dismiss was filed by two defendants, but Defendant Teachers Insurance Company ("Teachers") filed an answer. (Doc. 7). Haddix filed a motion to remand to state court on July 23, 2018. (Doc. 15). On April 2, 2019, this Court adopted a recommendation of the Magistrate Judge, granted the motions to dismiss

by two defendants, and denied the motion to remand. (Doc. 41). The case has proceeded only against Teachers.

On May 30, 2019, a Uniform Scheduling Order was entered setting, among other deadlines, a deadline of August 15, 2019 for amendment of the pleadings. (Doc. 44).

On June 21, 2019, Teachers filed the instant motion to amend its answer for the stated purpose of "asserting advice of Counsel as an Affirmative Defense." (Doc. 45). The substance of that affirmative defense, as stated in the proposed amendment is "Teachers asserts that it relied upon the advice of counsel Mark Upton when it denied Plaintiff's claim." (Doc. 45-1, at p. 13).

## II. STANDARD OF REVIEW

Generally, leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). Rule 15(a) does not require an amendment where "there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties," or where the amendment would be futile. *Local 472 of United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting v. Ga. Power Co.*, 684 F.2d 721, 724 (11th Cir.1982).

## III. DISCUSSION

As noted, Teachers seeks to amend its answer to add an affirmative defense that it acted on advice of counsel in denying Haddix's insurance claim. Haddix opposes Teachers' motion to amend on essentially two grounds: that Teachers cannot add an affirmative defense because the amendment is untimely under federal law and because Teachers waived the affirmative defense under state law.

As to the untimeliness ground, Haddix argues that Teachers waited eleven months after the filing of its initial answer to seek amendment and has offered no explanation for the delay. In its motion, Teachers states that the motion was within the time to amend, and that no discovery has occurred in this case because the case was pending on a motion to remand to state court until April of 2019.

Given that Teachers filed its motion within three months of the denial of the motion to remand and well in advance of the amendment deadline in the Uniform Scheduling Order, this Court cannot conclude that there has been a showing of undue delay. *See, e.g., Abbott Point of Care, Inc. v. Epocal, Inc*., 2008 WL 11297395, at *2 (N.D. Ala. 2008) (stating "[i]t would make little sense to consider an amendment to be 'unduly' late when it was filed within court-ordered deadlines."). In addition, because no discovery or other motion practice occurred while the case was pending on a motion to remand and motions to dismiss, Haddix has not demonstrated prejudice from any delay in seeking amendment. *Cf. Fed. Deposit Ins. Corp. as Receiver for Colonial Bank v. Credit Suisse Sec. (USA) LLC*, 2016 WL 1263345, at *3 (M.D. Ala. 2016) (noting that the amount of unfair prejudice to the nonmoving party is often considered together with undue delay) (citation omitted).

Haddix's argument based on state law is that Teachers has waived its affirmative defense. Haddix states that because Teachers said in its letter denying her insurance claim that her claim was denied based on the report of the fire and origin expert, Teachers is bound to that reason and only that reason for the denial of her claim. Haddix argues that an insurer which denies liability on one ground waives all other grounds it could have

asserted, citing among other cases *Mut. Serv. Ins. Co. v. Frit Indus., Inc*., 358 F.3d 1312, 1323 (11th Cir. 2004).

In response, Teachers argues that Haddix is conflating the reason it gave for the denial of Haddix's claim under the insurance policy with its defense of the bad faith claim. Teachers says the claim denial was based on the expert report and that it is not offering advice of counsel as a new reason for the claim denial. Teachers argues that there is a separate issue posed by the bad faith claim and its defense to that claim is that it relied on advice of counsel in denying the claim based on the expert report. Teachers further points out that there was no bad faith claim at the time it issued its denial letter, so there was no reason to state that counsel was relied upon at that time.

Upon review of the case law cited by Haddix, it is clear that while Alabama law does stand for the proposition that an insurer who denies liability on one ground waives all other grounds it could have raised, that proposition is a limited one. *See Mut. Serv. Ins. Co*., 358 F.3d at 1323. Waiver only applies to defenses "which arise out of an express condition contained in the insurance contract." *Id.* In this case, Teachers seeks to rely on advice of counsel as a defense to a bad faith claim. Under Alabama law, "reliance on the advice of informed counsel has often been sufficient in itself to establish good faith or to rebut a claim of bad faith." *Davis v. Cotton States Mut. Ins. Co*., 604 So. 2d 354, 359 (Ala. 1992). The waiver case law cited by Haddix, therefore, does not apply to Teachers' defense to Haddix's bad faith claim which is based on case law and not a provision of the contract. *See Mut. Serv. In. Co.,* 358 F.3d at 1323 (defense not waived which arises from Alabama

law and not out of an express condition in any of the insurance contracts at issue). The affirmative defense, therefore, has not been waived under Alabama law.

To the extent that Haddix also has argued that Teachers cannot establish that it relied on the advice of counsel at the time the claim was denied, the court must conclude that whether Teachers ultimately can prove the affirmative defense asserted is an issue to be determined after factual development in this case, and not in the context of a motion to amend the answer.

## IV. CONCLUSION

For the reasons discussed, it is hereby ORDERED that the Motion for Leave to Amend Answer (Doc. 45) is GRANTED. It is further ORDERED that the Defendant has until **July 31, 2019** to file the Amended Answer attached to its motion. (Doc. 45-1).

DONE this 24th day of July, 2019.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE